348 U.S. 916, 75 S.Ct. 299, 99 L.Ed. 719 (1955).

■ Finally, petitioner asserts that the Commission violated 28 C.F.R. § 2.28(d) by reopening his case at a time when he was no longer in federal custody on a parole violator term. However, § 2.28(d) applies only to a "prisoner" in custody; petitioner is a "parolee" for whom the Commission needed to reconsider a decision not ordering forfeiture of street time, under § 2.52(c)(2). Under the parole regulations, these two terms are distinct. *See* 28 C.F.R. § 2.1(g) ("the term '*parolee*' refers to any Federal *prisoner* released on parole or as if on parole") (emphasis added). The district court correctly found petitioner's argument to be without merit.

AFFIRMED.

Before GODBOLD and KRAVITCH, Circuit Judges and SIMPSON, Senior Circuit Judge.

BY THE COURT:

Appellants' motion to withdraw the opinion of this court, 785 F.2d 1521 (11th Cir. 1986), is GRANTED and the appeal is DISMISSED.

Joseph THOMAS, Petitioner-Appellant,

v.

Ralph KEMP, Warden, Georgia Diagnostic & Classification Center, Respondent-Appellee.

No. 84–8807.

United States Court of Appeals, Eleventh Circuit.

Sept. 9, 1986.

Howard JONES, Robert Edwards, Bill Starr Buc McLendon, Russell Warner, George Lewis, as Trustees of the Ironworkers Local #272 Pension Fund, Health and Welfare Fund and Apprenticeship Training Program, Plaintiffs-Appellees,

v.

DARIN & ARMSTRONG, INC., a Michigan Corporation and United States Fidelity & Guarantee Co., a Michigan Corporation, Defendants-Appellants.

No. 84–5936.

United States Court of Appeals, Eleventh Circuit.

Sept. 9, 1986.

Richard W. Groner, David E. Gurley, Sarasota, Fla., for defendants-appellants.

W. Eric Venable, P.A., Tampa, Fla., for plaintiffs-appellees.

